Good morning. My name is Michael Morgis. I'm with the law firm of Lackey & DeMeyer. I represent the plaintiffs and appellants. I'd like to briefly respond to the City's supplemental brief, clarify some issues. The panel asked for a supplemental briefing on a recent case. Cleveland? The Cleveland one, right. Doesn't that require that this go back? The district court here seems to use a test that's at odds with Cleveland. Yes, I think that that requires that this go back to the district court. Responsibility is defined differently in Cleveland than it was by the district court here, as I read the record. In this matter, yes it was, Your Honor. I will admit that Cleveland may have more persuasive facts, but I still think that under the facts in the case at bench, the San Francisco paramedics, the cross-trained firefighter paramedics, while assigned to ambulances, which is the only part of their duties that this appeal deals with, we're not challenging their status when they're assigned to firefighting engines or trucks, that this comes within the Cleveland test. I think one of the common denominators between the Los Angeles and San Francisco cases is that neither paramedics are required to volunteer their services when they show up at a fire. They could be ordered to engage in fire suppression, but there would be no discipline if they did not volunteer their services for fire suppression activities. Obviously, a firefighter assigned to an engine or a truck, when they show up, they can't just sit back. They have to volunteer their duties. That's what they're there for. And I think the city recognizes this, because it doesn't argue that they must engage in firefighting. It argues that they only must do so with the added affirmative step of being ordered to do so on the scene. Therefore, I don't think it really matters that they show up to the fire if they're called to do so. These are all matters for the district court, is that correct? I believe so. Genuine issues of material fact. Yes, I believe so. And unless there are any questions, I guess, then I will reserve time. Thank you. Good morning, Your Honors. Jill Sprague on behalf of Appellee City and County of San Francisco. Your Honors, I would point out that the Court can affirm the district court's rulings on any ground, and that, in fact, the review here is de novo in the review of the undisputed record in this case, that appellants have said in their opening briefs and here today in oral argument, they don't dispute any of the facts below or any of the facts in the record. And this Court is entitled to look at those facts that are part of the record and determine whether, under those facts, the firefighter paramedics in San Francisco meet the definition under 203Y as set forth by this Court in Cleveland. I'd like to address After some facts in disputa with respect to the – who's the affidavit of the – what was his name? Robert Weaver. In fact, Your Honors, the plaintiffs didn't dispute any of the facts either in the district court or here on appeal. There are no disputed facts in the record. In their opening briefs, the appellants concede that they accept the record as is, and they accept the district court's findings of fact. They are challenging the district court's interpretation of the statute, specifically the term responsibility. However, this Court is providing de novo review, can look at the facts that are undisputed in the record below. And conclude as a matter of law that there are no genuine issues on responsibility and ruling. Yes, Your Honor. That's right. That under the definition set forth by this Court in Cleveland, the facts in this case show that San Francisco's firefighter paramedics are responsible for fire suppression as set forth in 203Y. I'd like to talk a little bit about the statutory language and the contortions that would be required if this Court adopts this invitation to carve out different responsibilities of San Francisco's H3 firefighter paramedics. The appellants invite the Court just to look at one piece of their job activities, and the one piece that they're asking the Court to look at is the time on ambulance. They acknowledge there's no dispute in the record that all of these appellants work on fire engines, that they do engage in fire suppression, and that they have a varied array of responsibilities as part of their H3 classifications. It's a basket of responsibilities. To carve out just the time that they spend on an ambulance is contrary to the plain statutory language for two reasons. First, the statute provides expressly that employees in fire protection activities includes paramedics and ambulance personnel. To conclude that ambulance personnel aren't exempt when working on ambulances is contrary to the plain and ordinary language of the statute. The second reason appellants' purported interpretation or attempt to carve out time on ambulance ignores the statutory language is because it ignores Part 2 of the statute, and Part 2 of the statute envisions two sets of responsibilities within the basket of responsibilities for firefighter paramedics. It's an either-or provision. The provision is that they can be engaged in the prevention, control, and extinguishment of fires, or, not and, or response to emergency situations where life, property, or the environment is at risk. To carve out ambulance personnel when it's expressly provided for in the statute, and to carve out the duties where the H3 firefighter paramedics respond to emergency situations where life is at risk would ignore the statute in two very distinct ways. The second issue that I would like to address is the factual record. And as I've said, this Court is entitled to look at the record, do a de novo review. It's actually mandated that review is de novo here. And it can affirm the district court's decision on any grounds. Again, appellants have never disputed ---- Tell us how you would write that. Because ---- Tell us how you would write that. I'm sorry. Tell us how you would write the opinion. Because ---- I would write it for two. I would say under the ---- based on the record before us, there is no dispute that San Francisco's firefighter paramedics are responsible to engage in fire suppression because it is part of their job that they do. And the record is undisputed that they actually do. They do have a real obligation to engage in fire suppression. And as part of the ---- Could Weaver's affidavit raise some questions about that? Your Honor, I don't believe so for two reasons. And did the district court fully consider Mr. Weaver's declaration? I believe so, Your Honor. There are two reasons why ---- actually, three reasons why Weaver's declaration does not create a tribal issue of fact here. Number one, it's not part of the record on appeal. It was filed in the district court, correct? It was filed in the district court. Number two, the district court ---- Before the district court at the time of the summary judgment, were we correct? You're right, Your Honor. He wanted us to do a de novo review, which would require us to look at the affidavit. Isn't that correct? And even under a de novo review, Your Honor, Mr. Weaver's declaration does not raise a tribal issue of fact. The district court specifically found there was only one contradiction in Weaver's I believe it was the frequency with which ambulances respond to fires. And I believe that was a contradiction. In any event, the court ruled that under Ninth Circuit case law, a declaration, a subsequent declaration that contradicts very clear deposition testimony, should be disregarded. And in Mr. Weaver's deposition, he acknowledged that ambulances respond to every fire call in the city. He acknowledged that firefighter paramedics have the responsibility to engage in fire suppression. He acknowledged that firefighter paramedics routinely engage in fire suppression. He acknowledged that his duties as an H-3 included both engaging in fire suppression and responding to medical emergencies. Those acknowledgments, those clear admissions in his deposition, and I would refer the court to Weaver's deposition at Supplemental Excerpts of Record 513, quote, do you believe you have the responsibility to engage in fire suppression as an H-3 firefighter paramedic? Answer, yes. Page 514, he acknowledges that firefighter paramedics are issued the same fire protection equipment as H-2 firefighters. He acknowledges in his deposition at Excerpts of Record 512 that he has seen other H-3 firefighter paramedics assigned to ambulances perform fire suppression. And throughout his deposition, he acknowledges and testifies regarding his actual fire suppression duties. He acknowledges he works on engines. He acknowledges he responds to fire calls. He acknowledges he does actual fire suppression, fire attack, that he has been in burning buildings fighting fires. His declaration doesn't dispute any of those facts, doesn't contradict. There's one contradiction in his declaration, and under Ninth Circuit authority, a contradiction in a declaration can be, should be disregarded when it's contradictory to testimony. And the case is School District No. 1J v. AC&S, Inc., at 5F 3rd, 1255. Does it make a difference under the Cleveland definition now of responsibility that in practice, when these officers are assigned to the ambulances, that they don't actually participate in fire suppression activities? Your Honor, I don't think so. I think what the Court needs to look at is the basket of responsibilities. These individuals all acknowledge that they ---- As a legal matter, they have a legal obligation. They have a legal obligation. And, in fact, the ---- Even if, in fact, when they're assigned to the ambulances, they don't, in fact, participate. Well, Your Honor, I would say, I would point you to the record that, in fact, they do perform fire suppression activities while assigned to ambulances, and that this Court shouldn't be drawn into a frequency analysis. For example, as a lawyer, I am not called upon to argue in the Ninth Circuit very often at all. This is my second argument ever. Is that good or bad? It's nerve-wracking, I'll say that. In any event, it's part of my responsibilities as a lawyer to make arguments on appeal. Let me ask you a question about Cleveland. They talk in Cleveland about dual-function paramedics. The facts in that case seem to be that there's one group of paramedics that does X, there's another one that does Y, or there's a dual function. What does that mean in Cleveland? Your Honor, I am not familiar with Los Angeles' fire department, and I don't know. Dual function, my understanding, at least in San Francisco, it means that you are cross-trained to do both fire suppression and paramedic work, and that you can be assigned to an ambulance or an engine so that you can be used however the department feels you need to be used in order to serve the people of San Francisco. In Cleveland, there's two groups. There's a single-function paramedic and a dual-function paramedic. We don't have that here, Your Honor. We have just our H-3 firefighter paramedics. And they all have the same, as you call it, basket of responsibilities in connection with fire. That's right, Your Honor. There are single-function paramedics. I think there's maybe seven or eight left in the city that are on 40-hour work weeks. They don't work the fire department schedule. So in this case, we don't have a situation where you have two groups. We have one group of people who have a basket that includes fire suppression and responds to situations where life is at risk. If a fire occurs, it must be their job to deal with it. That's the Cleveland definition by this court. And you satisfy that? Absolutely, Your Honor. And the record is very plain and undisputed on that fact. Do your paramedic ambulances carry firefighting equipment or breathing apparatus? Yes, they do. Our firefighters, our firefighter paramedics are required to bring their turnout gear and their self-contained breathing apparatus regardless of what vehicle they're assigned to. And every fire call that an ambulance is dispatched to requires the H-3 firefighter paramedics to don their turnout gear. So your paramedic ambulances are regularly dispatched to fire scenes? They're dispatched to every fire scene in the city, Your Honor. And there's no undisputed evidence in the record. And wear protective fire gear? That's right. They wear turnout gear and they bring their self-contained breathing apparatus. On each of the facts that the Cleveland court relied, there were six facts in the Cleveland decision at page 990. San Francisco firefighter paramedics are different on each of those facts. They carry the equipment. They're required to wear the fire protection equipment, the self-contained breathing apparatus. They're dispatched to every fire. There's a dual-function firefighter paramedic assigned to every call. I think that covers most of the facts that the Cleveland court relied on. But every single fact is distinguishable in the case here. No evidence that a dual-function paramedic has ever been ordered to perform fire suppression. And our record is replete with evidence that the H3 firefighter paramedics have been required to perform fire suppression activities, and even further than that, perform fire suppression activities when they were assigned to ambulances. And I'd be happy to provide the citations to the record, Your Honors. It's in our supplemental brief. Okay. There are no further questions. Thank you. Thank you. I think I can clear up some of this with a citation actually to the Cleveland matter. One of the arguments the city is making is that because the overall responsibilities of the H3 dual-trained firefighter paramedic is that they are also assigned to firefighting vehicles and perform fire suppression activities when assigned to those firefighting vehicles, that that puts them in the exemption. But that was actually rejected or considered by the Cleveland court and found not to be dispositive. At page 988 of the decision, footnote 9, here's what the court says. The city's appeal focuses only on times plaintiffs were assigned to paramedic ambulances because, one, plaintiffs concede that they were properly compensated under the fire protection employee exemption during the periods they staffed firefighting vehicles. And, two, the city concedes that plaintiffs should not be compensated as fire protection employees, otherwise not exempt, during the periods they work as quality improvement analysis. So, obviously, the court has already considered. Yet we know that they are assigned to firefighting vehicles sometimes and perform suppression activities. But that does not include them in the exemption for the period of time that they are assigned to the ambulances. And that's the same period of time, we're claiming the same period of time, that the plaintiffs' appellees did in the Cleveland matter. It ultimately gets down to what do these people do when they show up to a fire. It is not their job to fight the fire. If they have turnout gear and they have breathing apparati available to them, all that really does is put them one step closer to being able to engage in fire suppression if they are ordered to do so. Is it appropriate to order them to do so? If it's necessary, but it also was in the Los Angeles case. So it's part of one of their expected functions and responsibilities. Only if they're ordered to do so. They are not required to volunteer to do so. And that was the same main fact in the Cleveland matter, that they were not required to engage in fire suppression unless ordered to do so. So what do they do when they get to the fire? Well, the Weaver Declaration, which is in the record and which the district court considered, but not, mistakenly not in the record on appeal, is they set up a triage area, a staging area. And if they are required to engage in fire suppression,  that the department will call for another ambulance to take over the primary medical functions. So they're not considered part of the regular firefighting complement. In the rare, rare case that they are ordered to engage in fire suppression while assigned to an ambulance, a new complement of medical team needs to come in and replace them. So the ambulance is there primarily for medical services, maybe to assist the firefighters or anyone injured from the fire, a civilian. The discovery responses that the city refers to, which is at page seven of their supplemental brief on the Cleveland matter, there's two sets of responses. There's one that says, yes, we engage in fire suppression as their overall job and when they're assigned to firefighting, an engine or a truck, just like the Los Angeles people. No difference there. But when you get to, have you ever been ordered to engage in fire suppression when assigned to an ambulance, there's but a handful of people that did marginal activities. Nobody is running in there with the firefighters. They are not expected to do that unless affirmatively ordered to do so, just like in Los Angeles. Otherwise, no difference. If being ordered once exempts the whole class, that would seem incredibly unfair. Unless there's questions. Okay. Thank you very much. The matter will be submitted.
judges: Trott, T.G. Nelson, Paez